# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| RYAN WELLER, | ) |
| | ) |
|       PLAINTIFF | ) |
| | ) |
| V. | )    CIVIL NO. 2:18-CV-69-DBH |
| | ) |
| ANDREW M. SAUL, COMMISSIONER, | ) |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
|       DEFENDANT | ) |

## ORDER ON MOTION FOR ATTORNEY FEES

Local Rule 54.2 requires that an application for attorney fees in a Social Security disability case "shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof." This case explores once again the consequence of failing to comply with that deadline. For earlier cases see Weimer v. Commissioner, No. 2:13-cv-458-DBH, 2016 WL 1069948 (D. Me. Mar. 18, 2016); Cordice v. Astrue, No. 1:09-cv-254-JAW, 2012 WL 243089 (D. Me. Jan. 24, 2012); Reer v. Astrue, 2:08-cv-21, 2010 WL 2927255 (D. Me. July 20, 2010), R. & R. adopted, 2:08-cv-21-GZS, 2010 WL 3168266 (D. Me. Aug. 10, 2010); Richardson v. Astrue, No. 2:07-cv-62, 2010 WL 2927269 (D. Me. July 20, 2010), R. & R. adopted, No. 2:07-cv-62-DBH (ECF No. 28) (D. Me. Aug. 9, 2010).

In this case, the Social Security Administration notified the plaintiff and his lawyer by letter dated September 21, 2020, that his "past-due Social Security benefits are $23,605.00," and that it is withholding "$5,901.25 . . . to pay the

representative." Status Notice at 6 (ECF No. 24-1). The plaintiff's lawyer did not file his application for fees until December 24, 2020, (ECF No. 24), well over 30 days later. He admits it was late. Id. at 1 n.1.

But on December 26, 2020, the Social Security Administration *sua sponte* issued a corrected Status Notice that "replaces our previous letter dated September 21, 2020," and states that the past-due amount is actually $50,843.00. Notice of Award at 4 (ECF No. 27-1). The plaintiff's lawyer then withdrew his December 24 request for fees (ECF No. 26) and filed a "Corrected Motion" on January 19, 2021 (ECF No. 27). Relying on a contingent fee agreement that would entitle him to $12,710.75, he now seeks $10,000 in fees (less than 25% of the past-due benefits), and agrees to remit to the plaintiff the amount of an earlier EAJA award.[1] The Social Security Administration argues that the lawyer forfeited any right to the $5,901.25 that he should have requested by October 21, 2020, and asks that it be subtracted from the $12,710.75 that the contingent fee agreement would support. It says the plaintiff's lawyer should receive a net award of $6,809.50. It does not challenge the fees in any other way. (ECF No. 28).

The Social Security Administration has no economic interest in the outcome of this dispute over fees, for the fees come from the plaintiff, not the Administration. Nevertheless, I appreciate its advocacy and concern because otherwise there is no one arguing on behalf of the plaintiff when the lawyer is

---

[1] In 2018, the plaintiff petitioned for and was awarded Equal Access to Justice Act fees. (ECF Nos. 21, 22). The EAJA fees are not part of the present controversy.

seeking fees from the plaintiff.  See Weimer, 2016 WL 1069948, at *1 n.1; Richardson, 2010 WL 2927269, at *2.

I have not found any District of Maine decision that explains the reason for the Social Security fee application deadline in Local Rule 54.2, and the parties have cited none.  It seems obvious, however, that the purpose is that of docket-clearing and repose, so that these cases come to a prompt and definable end.

In this case, if the Commissioner had not effectively re-opened the matter by providing a new benefits calculation, the plaintiff's lawyer would have little basis to seek any fees after October 21, 2020, especially given the Court's prior warnings to the bar (at times to this very lawyer) about the deadline.  Marion M. v. Soc. Sec. Admin. Comm'r, 1:18-cv-490-LEW, 2019 U.S. Dist. LEXIS 190639 (D. Me. Nov. 4, 2019); Reer, 2010 WL 2927255; Richardson, 2010 WL 2927269.  But here the Commissioner *did* reopen the matter, and so nothing is gained by forfeiting part of the lawyer's fee.  Indeed (and ironically), if the lawyer had timely filed his request for fees in the first place, this court would have exactly the piecemeal litigation over fees that Weimer said the Rule should avoid.

I therefore **OVERRULE** the Commissioner's objection and **AWARD** the requested fee of $10,000.  The parties shall prepare and present to the Clerk the text of such an award, including the lawyer's obligation to repay the plaintiff the earlier EAJA award.

**SO ORDERED.**

**DATED THIS 11TH DAY OF FEBRUARY, 2021**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**